BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
rreynolds@bwslaw.com
Rafael R. Garcia-Salgado, Bar No. 283230
rgarcia@bwslaw.com
1851 East First Street
Suite 1550
Santa Ana, CA  92705-4067
Telephone:    949.863.3363
Facsimile:    949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re<br><br>MU JIN KIM,<br><br>           Debtor, | Case No.  2:18-bk-22532-VZ<br><br>Chapter Number:  13<br><br>**REPLY IN SUPPORT OF CREDITOR TRINITY FINANCIAL SERVICES, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>DATE:      January 8, 2019<br>TIME:      9:30 a.m.<br>CTRM:     1368 |
|---|---|

TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby Replies (the "Reply") in support of its Motion for Relief from the Automatic Stay [Docket No. 16] (the "Motion") in the above-referenced matter.  This Reply is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing. In support of its Reply, Trinity respectfully states as follows:

### INTRODUCTION

This case is the fourth bankruptcy filing affecting the subject property.  The Debtor is also a recent recipient of an ownership interest in the subject property, thanks to a grant deed recorded last year by Young Kim, the bankruptcy debtor who filed the previous three bankruptcy cases affecting the subject property.  Because this Debtor lacks good faith in filing this case and

proposing a plan, the Court should grant relief from stay.

## STATEMENT OF FACTS

1. As outlined in Trinity's Motion, this is the fourth bankruptcy filing affecting the subject property. On September 14, 2012, Hyun Kong and borrower, Young K. Kim (the "Prior Debtor"), filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and were assigned Bankruptcy Case Number 2:12-bk-41380-TD (the "First Case"). The debtors filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs were never filed.

2. On October 4, 2012, the Court entered its Order and Notice of Dismissal of the First Case for failure to file schedules, statements, and/or plan. Both debtors were dismissed with a 180-day restriction against refiling pursuant to 11 U.S.C. Section 109(g) [First Case Docket No. 9].

3. As the borrower for the subject property, the Prior Debtor again defaulted under the terms of the Note and Deed of Trust. On December 6, 2016, a Notice of Default and Election to Sell was recorded in the Official Records for Los Angeles County, Instrument No. 20161563753.

4. On March 31, 2017, a Notice of Sale was recorded in the Official Records for Los Angeles County, Instrument No. 20170356671, with the foreclosure sale scheduled for April 28, 2017.

5. On April 25, 2017, just three days prior to the scheduled foreclosure sale, the Prior Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and was assigned Bankruptcy Case Number 2:17-bk-15093-BR (the "Second Case").

6. On June 28, 2017, the Chapter 7 Trustee filed her Report of No Distribution [Second Case Docket No. 13].

7. On June 30, 2017, Trinity filed its Notice of Motion and Motion for Relief from the Automatic Stay [Second Case Docket No. 14].

8. On July 10, 2017, the Debtor filed her Opposition to Trinity's Notice of Motion and Motion for Relief from the Automatic Stay [Second Case Docket No. 16].

9. On July 11, 2017, the Senior Lienholder, U.S. Bank, National Association as trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2007-OA4 ("US Bank") filed its Notice of Motion and Motion for Relief from the Automatic Stay [Second Case Docket No. 17].

10. On August 3, 2017, the Court issued its Order Granting Trinity's Motion for Relief from the Automatic Stay [Second Case Docket No. 20].

11. On August 14, 2017, the Court issued its Order of Discharge [Second Case Docket No. 22].

12. On August 17, 2017, the Court issued its Order Granting US Bank's Motion for Relief from the Automatic Stay [Second Case Docket No. 24].

13. On August 22, 2017, the case was closed [Second Case Docket No. 26].

14. On April 12, 2018, the Prior Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Bankruptcy Case Number 2:18-bk-14132-SK (the "Third Case"). The Prior Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) were never filed.

15. On April 25, 2018, the Prior Debtor filed her Motion to Extend Deadline to File Schedules or Provide Required Information, and/or Plan [Third Case Docket No. 8].

16. On April 26, 2018, the Court issued its Order Granting Motion to Extend Deadline to file Case Commencement Documents [Third Case Docket No. 10].

17. On May 30, 2018, Trinity filed its Motion to Dismiss for Failure to File Documents under Section 521(i)(1) [Third Case Docket No. 14].

18. On May 30, 2018, while the Prior Debtor was still in an active bankruptcy matter which included the subject property as part of the bankruptcy estate, a Grant Deed was recorded as Instrument No. 20180534896 in the Los Angeles County Recorder's Office in which the Prior Debtor, Young Kyung Kim, purportedly granted interest to the Debtor in this case—Mu Jin Kim. A true and correct copy of the Grant Deed is attached as Exhibit 4 to Trinity's Notice of Motion and Motion for Relief from the Automatic Stay. The Court is requested to take judicial notice of

this document pursuant to Fed. R. Evid. 201.

19. On June 6, 2018, the Court issued its Order and Notice of Dismissal for Failure to file schedules, statements, and/or plan [Third Case Docket No. 17].

20. On June 22, 2018, the case was closed [Third Case Docket No. 20].

21. On October 2, 2018, a second Notice of Sale was recorded in Los Angeles County, Instrument No. 20181002001, with the foreclosure sale scheduled for October 25, 2018.

22. On October 24, 2018, one day prior to the scheduled foreclosure sale, Mu Jin Kim, (the "Debtor") filed the instant voluntary petition herein under Chapter 13 of the Bankruptcy Code, and was assigned Bankruptcy Case Number 2:18-bk-22532-VZ.

23. On November 7, 2018, the Debtor filed her Chapter 13 Plan [Docket No. 10].

24. Trinity's claim is evidenced by a Home Equity Credit Line Agreement and Disclosure Statement executed by borrower Young Kyung Kim and dated December 15, 2006, in the original principal sum of $72,000 (the "HELOC").  A copy of the HELOC is attached to Trinity's proof of claim no. 1 (the "Proof of Claim") as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

25. The HELOC is secured by a second deed of trust (the "Deed of Trust") encumbering the real property commonly known as 3507 Montrose Avenue, Glendale, CA 91214 (the "Property").  A copy of the Deed of Trust is attached to Trinity's proof of claim no. 1 as filed in the instant bankruptcy case and incorporated herein by reference.

26. Subsequently, the HELOC was assigned to Trinity.  Trinity, directly or through an agent, is in possession of the original HELOC.  *See* CCR, Claim No. 1.

27. On November 7, 2018, the Debtor filed her Plan providing for monthly payments to the Trustee in the total amount of $600.00 per month for 60 months.  The plan fails to provide payment to Trinity on account of its secured claim.

28. On November 20, 2018, Trinity filed its Proof of Claim secured by the Property with a total outstanding balance in the amount of $104,430.349 and a pre-petition arrearage claim of $38,125.80.  *See* CCR, Claim No. 1.

29. On November 7, 2018, the Debtor filed her Summary of Assets and Liabilities for

Individual, Schedules A through J, Declaration about an Individual Debtor's Schedules, Statement of Financial Affairs for Individual filing for Bankruptcy, and Chapter 13 Statement of Current Income [Fourth Case Docket No. 12].

30. Between the dismissal of the Third Case and the commencement of this case, neither the Debtor nor the Prior Debtor made any payments to Trinity so as to reduce their secured indebtedness.

## ARGUMENT

### A. The Prior Debtor's Transfer to the Debtor was Part of a Scheme to Defraud

"The express statutory language of § 362(d)(4) is clear and unambiguous that if a scheme to delay, hinder or defraud is shown, and if that scheme involves the transfer of an ownership interest in real property without the secured creditor's consent, then the secured creditor may obtain relief under § 362(d)(4). Under the express terms of § 362(d)(4), the secured creditor need not show that it had some additional right to oppose the transfer." *In re Dorsey*, 476 B.R. 261, 269 (Bankr. C.D. Cal. 2012). Further, a scheme to delay, hinder or defraud is shown either by "transfer of all or part ownership . . . without the consent of the secured creditor," (d)(4)(A), or by "multiple bankruptcy filings affecting such property," (d)(4)(B).

Here, as outlined in the Motion, the Debtor received her interest in the subject property through a grant deed from the Prior Debtor while the Prior Debtor was still in an active bankruptcy last year. The Debtor failed to oppose the Motion or otherwise show that this transfer was in good faith. The Debtor has thus failed to controvert the showing that her receipt of an interest in the subject property "was made without [the creditor's] consent. Thus, § 362(d)(4)(A) is satisfied. Alternatively, Movant has also shown that this is the [fourth] bankruptcy case affecting the Subject Property. Thus, § 362(d)(4)(B) is satisfied as well." *In re Dorsey*, 476 B.R. at 269-70. Accordingly, despite the familial relationship here, the Prior Debtor's transfer of an interest to the Debtor was nonetheless part of a scheme to defraud, based on the text of Section 362(d)(4). The Court should therefore grant relief from stay.

### B. The Debtor Lacks Good Faith in Filing this Bankruptcy

"All Chapter 13 cases are required to have been filed in good faith (§ 1325(a)(7)), and any plan must be proposed in good faith to be eligible for confirmation (§ 1325(a)(3)). To the extent a debtor seeks to use a Chapter 13 plan to obtain some form of relief, such as a lien strip pursuant to § 1322(b)(2), a court is obliged to assess a debtor's good faith both in filing the case and proposing a plan." *In re Burnett*, 427 B.R. 517, 521 (Bankr. S.D. Cal. 2010).

Here, the serial bankruptcy filings committed by the Debtor and the Prior Debtor vitiate any possible showing of good faith the Debtor could attempt. The instant bankruptcy filing is merely the latest in a series of cases meant to frustrate and delay secured creditors from recovering their collateral. The transfer from the Prior Debtor to the Debtor is also violative of Trinity's Deed of Trust with the Prior Debtor, and further evidence of the bad faith of the Debtor and the original borrower. Paragraph F of Trinity's Deed of Trust with the Prior Debtor states as follows:

> f.    Upon default by Trustor in the performance of any payment or other obligation secured hereby or in the performance of any agreement hereunder, or if, whether voluntarily or involuntarily, there is a sale or transfer of all or any part of (i) the Property or an interest therein, or (ii) a beneficial interest in Trustor and Trustor is not a natural person, or if Trustor ceases to use the Property as Trustor's primary residence, Beneficiary may declare all sums secured hereby immediately due without notice or demand and no waiver of this right shall be effective unless in writing and signed by Beneficiary.

Given the series of iterative filings affecting this property, the Debtor is unable to demonstrate the required good faith for prosecuting a plan and further staying secured creditors. Accordingly, the Court should grant the Motion.

///

///

///

## **CONCLUSION**

Based on the foregoing facts and applicable law, Trinity respectfully requests that the Motion be granted.

Dated: January 3, 2019        BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Rafael Garcia
    Richard J. Reynolds
    Rafael R. Garcia-Salgado
    Attorneys for Creditor
    TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- 7 -    REPLY IN SUPPORT OF MOTION FOR RELIEF
        FROM THE AUTOMATIC STAY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1851 East First Street, Suite 1550, Santa Ana, California 92705-4067

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **1/3/19**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Nancy K Curry (TR)    TrusteeECFMail@gmail.com
- Rafael R Garcia-Salgado    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- Merdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- Richard J Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- Valerie Smith    claims@recoverycorp.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **1/13/19**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor: | Interested Party | Judge: |
|---|---|---|
| Mu Jin Kim | Young Kyung Kim | Hon. Vincent Zurzolo |
| 3507 Montrose Ave | 3507 Montrose Ave | United States Bankruptcy Court |
| Glendale, CA 91214 | Glendale, CA 91214 | Central District of California |
| | | Edward R. Roybal Federal Building and Courthouse |
| | | 255 E. Temple Street, Suite 1360 |
| | | Los Angeles, CA 90012 |

☐ Service information continued on attached page

///

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/3/19 | Bernadette C. Antle | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |